IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASHIR ALI, | : | Civil No. 1:25-CV-00673 |
| Plaintiff, | : | |
| v. | : | |
| UNIVERSITY OF PITTSBURG MEDICAL CENTER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a consent motion approving settlement and dismissing this action. (Doc. 36.) For the reasons that follow, the motion will be granted.

### BACKGROUND

Plaintiff Bashir Ali ("Ali") commenced this civil action on April 15, 2025, against Defendants University of Pittsburgh Medical Center ("UPMC") and VeloSource LLC ("VeloSource") (collectively, "Defendants"). (Doc. 1.) The complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), and Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.101, *et seq.*, for unpaid overtime wages. (*Id.*) Among other allegations, the complaint asserts that Defendants violated the FLSA by failing to pay an overtime premium for the hours worked in excess of forty hours per week. (*Id.*) On July 15, 2025, VeloSource filed a motion to dismiss and brief in support. (Docs. 21, 22.) The same day, VeloSource filed a stipulated motion to stay this action pending

settlement negotiations. (Doc. 23.) The court granted this request on July 16, 2025. (Doc. 24.) The parties requested several additional stays of this action to continue settlement negotiations, which the court granted. (Docs. 25–28, 32, 33.)

On December 12, 2025, UPMC filed a consent motion approving settlement and dismissing this action, as well as the settlement agreement. (Doc. 36.) Under the settlement agreement, the parties have agreed to settle this action and an action between the parties in Missouri for $95,000.00, which consists of $61,464.21 payable to Ali and $33,535.79 payable to Ali's attorney. (Doc. 36-1.) In exchange for this payment, Ali has agreed to release Defendants from liability for any and all claims. (*Id.*)

## STANDARD OF REVIEW

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981). To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the Third Circuit Court of Appeals

has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Id.*; *see also McGee v. Ann's Choice*, No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017).

Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc.*, a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.* If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754, at *4 (citing *Altenbach v. Lube Ctr.*, No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

## DISCUSSION

The court first addresses whether the settlement agreement resolves a bona fide dispute between the parties. If the agreement reflects a reasonable

compromise of the issues in this suit, the court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Here, the terms of the agreement itself, Doc. 36-1, as well as Ali's complaint and VeloSource's motion to dismiss, Docs. 1 & 21, demonstrate that a bona fide dispute exists regarding whether Ali was properly exempt under the FLSA, whether Plaintiff worked any overtime, and whether UPMC was a joint employer of Ali with Velosource. (*See also* Doc. 36, p. 3.)[1] As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties. *See Joseph v. Caesar's Entm't Corp.*, No. 10-cv-6293, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012).

    Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Ali. Ali has been represented by counsel who is well-versed in wage and hour litigation throughout this case. Settlement was reached following vigorous advocacy by counsel on behalf of their clients. (Doc. 36, p. 3–4.) Furthermore, a review of the agreement indicates that Ali is being compensated for an amount that he reasonably claims is owed in connection with his employment. (*See id.*)

---

[1] For ease of reference, the court uses the page number from the CM/ECF header.

4

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA. The settlement agreement does not contain a confidentiality clause and was publicly docketed in this case. (*See* Doc. 36-1.) "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Diclemente v. Adams Outdoor Advert., Inc.*, No. 15-CV-0596, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016.)

## CONCLUSION

For the foregoing reasons, the joint motion for approval of settlement will be granted. (Doc. 36.) An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: December 15, 2025